UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harold Stanton,                                                              Case No. 3:13-cv-02082

          Plaintiff

    v.                                                                        MEMORANDUM OPINION
                                                       AND ORDER

Joseph Kiss, et al.,

          Defendants

## I.      Introduction and Background

Before me are the motions of Defendants Joseph Kiss, *et al.*, for summary judgment and of

Plaintiff Harold Stanton to dismiss his complaint without prejudice and to stay the briefing schedule

on Defendants' motion for summary judgment.  For the reasons stated below, Stanton's motion to

dismiss is granted, and the motions to stay and for summary judgment are denied as moot.

On March 19, 2013, Defendant the Jerusalem Township, Ohio, Board of Trustees –

composed of Defendants Joseph Kiss, Ronald Sheehan, and David Bench – voted to terminate

Stanton's employment as the Jerusalem Township Fire Chief.  The following day, Stanton filed a

notice of appeal with the Lucas County Court of Common Pleas.  On August 19, 2013, Common

Pleas Court Judge Dean Mandros vacated the Township's termination decision after ruling the

termination was "illegal" as well as "unconstitutional."  (Doc. No. 20-1 at 1).  Judge Mandros

1

granted the Township's motion to stay enforcement of his decision pending resolution of the

Township's appeal.

Stanton next filed suit here, asserting claims under 42 U.S.C. § 1983 and alleging Defendants'

conduct violated his freedom of association and his procedural and substantive due process rights.

Defendants argue they are entitled to summary judgment because the doctrine of claim preclusion

bars Stanton's causes of action.  (Doc. No. 20 at 1).  In response, Stanton requests an order

dismissing his complaint without prejudice pursuant to Rule 41(a)(2).  (Doc. No. 23).

## II.     Standard

After a defendant has filed an answer or motion for summary judgment, a plaintiff may

obtain a voluntary dismissal "only by court order, on terms that the court considers proper."  Fed.

R. Civ. P. 41(a)(2).  This type of dismissal generally is without prejudice.  In exercising its discretion

either to grant or deny the motion, the district court's primary considerations are protecting the

defendant from "unfair treatment" and from suffering "'plain legal prejudice.'"  *Grover by Grover v.*

*Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S.

212, 217 (1947)).  The court should consider several factors in determining whether the defendant

faces plain legal prejudice, including the effort and expense the defendant has expended in

preparation for trial, the plaintiff's "excessive delay and lack of diligence" in pursuing his claims, the

sufficiency of the plaintiff's explanation for the need for a dismissal, and whether the defendant has

filed a motion for summary judgment.  *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855

F.2d 471, 474 (7th Cir. 1988)).  The "mere prospect" of a subsequent lawsuit does not constitute

plain legal prejudice.  *Grover*, 33 F.3d at 718 (citing *Cone*, 330 U.S. at 217).

## III.     Analysis

Defendants contend Stanton's request for a dismissal without prejudice is inappropriate

because they "have spent considerable time, effort, and expense defending this case," including filing

a motion for summary judgment, and because Stanton "delayed" in requesting dismissal and fails to

provide a sufficient explanation for his need to dismiss.  (Doc. No. 25 at 1).  I conclude after

reviewing Defendants' arguments that their concerns, while valid, do not establish that a dismissal

without prejudice would be unfair to them or cause them to suffer plain legal prejudice.

Defendants' contention that Stanton "delayed" in filing his motion does not seem to be

quite what courts have in mind when they consider the plaintiff's lack of diligence in requesting

dismissal.  *See* 8 *Moore's Federal Practice*, § 41.40 (Matthew Bender 3d ed.) (Voluntary dismissals are

"routinely granted when the action has not been pending long and there has been little discovery of

motion practice.").  While the parties have engaged in some preliminary discovery, Stanton filed his

motion more than four months before the close of discovery and one month before the deadline for

the parties to amend their pleadings without leave of court.  (*See* Doc. No. 15).  Approximately four

months passed between the time Stanton filed his complaint and when he filed his motion to

dismiss.  *Cf. Univ. Estates, Inc. v. City of Athens, Ohio*, No. 2:09-cv-758, 2011 WL 1897444, at *2 (S.D.

Ohio May 18, 2011) (excessive delay factor weighed against plaintiff's dismissal request where

litigation pending "for years"); *Nuovo v. Whitacre*, No. 2:10-cv-240, 2010 WL 3825376, at *3 (S.D.

Ohio Sept. 28, 2010) (fact that plaintiff's dismissal motion was filed less than six months into

litigation weighed in plaintiff's favor).  Even if Stanton could have filed his motion earlier, "[n]ot all

delay is excessive," *Nuovo*, 2010 WL 3825376, at *3, and I conclude the length of time that has

passed does not weigh in favor of a finding that Defendants would suffer plain legal prejudice from

a dismissal without prejudice.

Though the Sixth Circuit has expressly instructed district courts to weigh the defendant's

filing of a motion for summary judgment in determining whether the defendant would suffer plain

legal prejudice from a dismissal without prejudice, *Grover*, 33 F.3d at 718, this filing alone does not

require me to rule in Defendants' favor.  *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498,

502 (6th Cir. 2007) ("[T]he existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice."). Plain legal prejudice may exist where a dismissal without prejudice would prevent a defendant from asserting an absolute defense. *See, e.g., id.* at 500; *Grover*, 33 F.3d at 719.

Defendants argue they are entitled to summary judgment because the doctrine of claim preclusion bars Stanton from litigating his claims. Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). Dismissing Stanton's complaint without prejudice would not strip Defendants of this defense. The material facts would remain the same – Stanton has obtained a state court judgment against these defendants for harm he suffered prior to and as a result of his termination, including the violation of his constitutional rights. (*See* Doc. No. 20-1).

The fact that the common pleas court stayed the execution of its order pending resolution of Defendants' appeal does not change matters. *See* Restatement (Second) of Judgments § 13 (1982) (A judgment ordinarily is considered final for purposes of claim preclusion if the judgment "is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement . . . ."). Nor does Defendants' appeal alter the analysis. Under Ohio law, a pending appeal does not eliminate the preclusive effect of the trial court's judgment. *Cully v. Lutheran Med. Ctr.*, 523 N.E.2d 531, 532 (Ohio Ct. App. 1987).

Additionally, the resources and effort Defendants have expended in this case, including in preparing their motion for summary judgment, would be equally applicable if Stanton were to refile his claims subsequently. *See Rosenthal*, 217 F. App'x at 502. For his part, Stanton disavows any

interest in doing so.  (Doc. No. 27 at 5).  This factor weighs in favor of granting Stanton's motion to dismiss without prejudice.

The last factor is whether the plaintiff has offered an adequate explanation for his need for a dismissal.  Stanton explains a dismissal without prejudice is necessary "so that his state court appeal remains intact . . . ."  (Doc. No. 23 at 3).  From here, however, the parties have muddied the waters.

Stanton first expresses the concern that his state court appeal would "face the same preclusion argument."  (Id.).  Defendants jump onboard, contending "dismissal without prejudice would prejudice Defendants since it would bar their use of the defense of res judicata in the state court appeal."  (Doc. No. 25 at 1).  Defendants argue *Lones v. S. Cent. Power. Co.*, No. 2:04-cv-883, 2005 WL 1309088 (S.D. Ohio May 31, 2005), supports denying Stanton's motion and granting Defendants' motion for summary judgment.  (Id. at 4-5).  Stanton correctly notes the plaintiff in *Lones* sought to avoid application of the claim preclusion doctrine in a subsequently filed case in federal court, but continues to express concern for his own state court appeal.  (Doc. No. 27 at 5).

The flaw in the parties' arguments lies in the reality that a ruling that certain claims are barred by the claim preclusion doctrine has <u>no</u> claim preclusive effect of its own.  It does not go to the merits of the claims; rather it is a conclusion that those claims could have been presented in an earlier lawsuit which was resolved on the merits.  A conclusion that the claims in Case #2 are barred because they could have been raised in Case #1 does not offer a legal basis for undermining the validity of a final judgment in Case #1 on appeal.  Therefore, this factor, to the extent it does anything in this case, does not weigh in Defendants' favor.

Finally, Defendants request, as a condition of dismissal without prejudice, that I order Stanton to pay the costs and attorney fees Defendants have incurred since Stanton filed his complaint.  While a court may award attorney fees when granting a dismissal without prejudice under Rule 41(a)(2), *Massey v. City of Ferndale*, 117 F.3d 1420, at *3 (6th Cir. 1997) (unpublished disposition),  this commonly is done to avoid causing the defendant to suffer the prejudice of expending additional resources in the event the

plaintiff brings the action again.  *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965).  A fee award is not

warranted here, as Defendants do not indicate that any of the work performed is unique to this case.  If

Stanton were to refile his complaint, Defendants could refile their motion for summary judgment with

no or minimal additional expense.

### IV.      Conclusion

For the reasons stated above, I conclude Defendants would not suffer plain legal prejudice if

Stanton's claims are dismissed without prejudice.  Therefore, I grant Stanton's motion to dismiss

without prejudice pursuant to Rule 41(a)(2) and deny Stanton's motion to stay briefing and

Defendants' motion for summary judgment as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge